RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY NOV 07 2017

AT 8:30 _____
WILLIAM T. WALSH  M
CLERK

| | |
|---|---|
| DAVID BONO, DERIVATIVELY ON BEHALF OF ADVAXIS, INC., )<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>DANIEL J. O'CONNOR, DAVID J. MAURO, SAMIR KHLEIF, ROBERT G. PETIT, RONI A. APPEL, RICHARD J. BERMAN, THOMAS J. MCKEARN, JAMES P. PATTON, DAVID SIDRANSKY, SARA M. BONSTEIN, AND GREGORY T. MAYES, )<br>)<br>DEFENDANTS, )<br>)<br>AND )<br>)<br>ADVAXIS, INC., A DELAWARE CORPORATION, )<br>)<br>NOMINAL DEFENDANT. ) | No. 3:15-CV-06326-FLW-DEA<br><br>[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT<br><br>[dkt. no. 72] |

WHEREAS, a derivative action is pending before this Court styled *Bono v. O'Connor*, No. 15-cv-06326-FLW-DEA (the "Action");

WHEREAS, Plaintiff has made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the Action in accordance with the Stipulation of Settlement dated October 2, 2017 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice; and (ii) approving the form and manner of the dissemination of the Notice and Summary Notice to Current Advaxis Stockholders, attached as Exhibits B and C respectively to the Stipulation; and (iii) scheduling a date for the Settlement Hearing, pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of attorneys' fees and expenses in the amount separately negotiated by the Parties;

WHEREAS, this Court has considered the Stipulation and the exhibits annexed thereto and the arguments of the Parties; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein);

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing.

2. A hearing (the "Settlement Hearing") shall be held before this Court on January 29, 2018, at 10:00 A.m. at the U.S. District Court for the District of New Jersey, 402 East State Street, Courtroom 6W, Trenton, New Jersey 08608 to: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of Advaxis and its stockholders; (ii) hear and rule on any objections to the proposed Settlement, the proposed Judgment, the proposed Fee and Expense Amount, and the Incentive Amount; (iii) determine whether to approve the Fee and Expense Amount and the Incentive Amount; and (iv) determine whether the Court should enter the Judgment, attached as Exhibit D to the Stipulation, which would dismiss with prejudice the Action and release the Released Claims.

3. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Advaxis Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

4. The Court approves, as to form and content, the Summary Notice of Pendency and Proposed Settlement of Stockholder Derivative Action ("Summary Notice") and the Notice of Pendency and Proposed Settlement of Stockholder Derivative Action ("Notice"), attached to the Stipulation as Exhibits B and C respectively, and finds that the provisions of the Summary Notice and Notice meet the requirements of Federal Rule of Civil Procedure 23.1 and due process, and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of the Summary Notice and Notice may be made without further approval of the Court.

5. Within fifteen (15) business days after the entry of this Order (the "Notice Date"), Advaxis shall cause a copy of the Summary Notice to be published once in *Investor's Business Daily*.

6. Within fifteen (15) business days after the Notice Date, Advaxis and Robbins Arroyo LLP ("Robbins Arroyo") shall cause the Notice and Stipulation to be posted on each of their respective websites until the Judgment is entered.

7. Advaxis or its insurance carrier(s) shall be solely responsible for paying the costs and expenses associated with publishing and posting each form of notice, other than the posting to Robbins Arroyo LLP's website.

8. At least fourteen (14) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to the posting and publication of the Notice, Summary Notice, and Stipulation, and Plaintiff's Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting the Notice and Stipulation.

9. All papers in support of the Settlement and the Fee and Expense Award shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing. The Parties shall file with the Court and serve responses to any objections filed pursuant to paragraph 10 below at least seven (7) calendar days prior to the Settlement Hearing.

10. Any Current Advaxis Stockholder may object to the Settlement of the Action, the proposed Judgment, and/or the proposed Fee and Expense Award, and Incentive Amount and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing. To object, such stockholders must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of ownership of Advaxis common stock, as of October 2, 2017 through the date of the Settlement Hearing, including the number of shares of Advaxis common stock and the date(s) of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for

such objection; and (d) any documentation in support of such objection. If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the Court, U.S. District Court for the District of New Jersey, 402 East State Street, Room 2020, Trenton, New Jersey 08608, and sent by first class mail to the following addresses and postmarked at least fourteen (14) calendar days before the Settlement Hearing:

> Michael J. Nicoud, Esq.
> Robbins Arroyo LLP
> 600 B Street, Suite 1900
> San Diego, CA 92101
>
> *Counsel for Plaintiff*
>
> John A. Jordak, Jr., Esq.
> Alston & Bird LLP
> 1201 West Peachtree Street, Suite 4900
> Atlanta, GA 30309
>
> *Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Judgment, and Fee and Expense Award and Incentive Amount; (ii) barred from raising such objection in the Action or any other action or proceeding; and (iii) bound by the Judgment and the releases of claims therein.

11. Pending final determination of whether the Settlement should be approved, all proceedings in the Action and all further activity between the Parties regarding or directed toward the Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

12. Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiff and/or any Advaxis stockholder derivatively on behalf of Advaxis are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

13. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Advaxis Stockholders.

14. All Current Advaxis Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Advaxis's stockholders.

15. The provisions contained in the Stipulation (including any Exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and

shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Parties shall be restored to their respective positions in the Action as of the last date before the Stipulation, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, with the exception of paragraphs 1.1-1.33, 7.2-7.3, 8.3-8.16, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any

judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

IT IS SO ORDERED.

DATED: *Nov. 6, 2017*

_____
The Honorable Douglas E. Arpert
United States Magistrate Judge