# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

RECEIVED
JAN 2 9 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

DAVID BONO, DERIVATIVELY )
ON BEHALF OF ADVAXIS, INC., )
)
PLAINTIFF, )
)
v. ) No. 3:15-CV-06326-FLW-DEA
)
DANIEL J. O'CONNOR, DAVID J. )
MAURO, SAMIR KHLEIF, ) [~~PROPOSED~~] ORDER AND
ROBERT G. PETIT, RONI A. ) FINAL JUDGMENT
APPEL, RICHARD J. BERMAN, )
THOMAS J. MCKEARN, JAMES P. )
PATTON, DAVID SIDRANSKY, )
SARA M. BONSTEIN, AND )
GREGORY T. MAYES, )
)
DEFENDANTS, )
)
AND )
)
ADVAXIS, INC., A DELAWARE )
CORPORATION, )
)
NOMINAL DEFENDANT. )

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement ("Preliminary Approval Order") of this Court dated November 7, 2017, on the application of Plaintiff for approval of the settlement of this Action as set forth in the Stipulation of Settlement dated as of October 2, 2017, including all Exhibits thereto (the "Stipulation").  Due and adequate notice having been given by Advaxis, Inc. ("Advaxis" or the "Company") to Current Advaxis Stockholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order and Final Judgment ("Judgment") incorporates herein the Stipulation, including the Exhibits thereto.  Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      Notice and Summary Notice has been given to all Current Advaxis Stockholders in the manner approved by the Court in the Preliminary Approval Order.  The Court finds that such Notice and Summary Notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes

notice that was reasonably calculated, under the circumstances, to apprise all Current Advaxis Stockholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and Current Advaxis Stockholders' right to object to and to appear at the settlement fairness hearing held on January 29, 2018 (the "Settlement Hearing"); (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meets the requirements of due process.

4.     In light of the benefits to the Company, the complexity, expense, and possible duration of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Advaxis and its stockholders. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Advaxis, Advaxis's stockholders, and the Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation and in this Judgment.

6. The Court finds that during the course of the litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

7. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection

with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. The provisions contained in the Stipulation (including any Exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that the Fee and Expense Amount is fair and reasonable. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

11. Plaintiff is hereby awarded $3,000 for his efforts in bringing and prosecuting the Action, to be paid solely from the Fee and Expense Amount.

12. Plaintiff and/or any Advaxis stockholder derivatively on behalf of Advaxis are permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

13. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiff, Defendants, and each Current Advaxis Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this

Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Parties shall be returned to their respective positions immediately prior to the execution of the Stipulation.

15.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice. The Court finds that this Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: *January 29, 2018*

_____
The Honorable Douglas E. Arpert
United States Magistrate Judge

-6-